GRIFFIN, J.
 

 Appellant, Smith Lake Shores Village, LLC [“Smith Lake”], appeals a non-final order that denied its motion for class certification. Smith Lake contends that the trial court erred by not certifying the proposed class or, in the alternative, by not limiting the class to be certified or creating subclasses.
 

 Smith Lake is a Michigan Limited Liability Company registered to do business in the State of Florida. Smith Lake’s only asset in Florida is a manufactured home community known as Smith Lake Shores Village.
 
 [1]
 

 In 2003, the Marion County Board of County Commissioners [“the Board”] adopted its Fire Rescue Assessment Ordinance, ordinance number 03-13, which created the Marion County Municipal Service Benefit Unit for Fire Rescue Services [“MSBU”]. Ordinance 03-13 adopted a special assessment to support fire rescue services within the MSBU. As a result of the assessment, Smith Lake filed their amended class action complaint, seeking an order adjudging that the fire rescue assessment was invalid. The amended complaint also sought a refund of the special assessment for the class, injunctive relief and other equitable relief “as the Court may deem necessary and appropriate.”
 

 The trial court concluded that, based on the allegations of the complaint, Smith Lake was in a position of conflict with other members of the class. Although Smith Lake seeks to invalidate the assessment and recover damages, which would benefit all members of the proposed class, they plainly have positions that are in conflict with other members of the proposed class. Indeed, Smith Lake’s principal theory for invalidation of the assessment is that the apportionment methodology is arbitrary in ways that are disadvantageous to it. Also, any judicial determination of flaws in the assessment could subsequently result in changes that would reduce its own individual assessment to the detriment of others. There is a single aggregate assessment that will have to be paid and diminution of the share of any particu
 
 *597
 
 lar category of owner will result in a greater share of assessment for the others in the pool. The lower court was within its discretion to conclude that Smith Lake is not a proper representative for the proposed class, and to reject the invitation to create limits on the class or subclasses.
 

 AFFIRMED.
 

 ORFINGER and MONACO, JJ., concur.
 

 [1]
 

 . The community has 184 occupied mobile home lots, 90 vacant lots, a club house, and an RV parking storage area.